UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| FELIX IGNACIO LAMBERTI LEDEZMA | : | CIVIL ACTION NO. 2:12-cv-2935 |
| VERSUS | : | JUDGE TRIMBLE |
| JOSEPH P. YOUNG | : | MAGISTRATE JUDGE KAYU |

## REPORT AND RECOMMENDATION

Before the court is the application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 by petitioner, Felix Ledezma.  Petitioner is an inmate in the custody of the Federal Bureau of Prisons, and he is incarcerated at the Federal Corrections Institute in Oakdale, Louisiana ("FCIO").

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 2241 and the standing orders of the court.

### Statement of the Case

Petitioner pled guilty to two counts of conspiracy to possess with intent to distribute five kilograms or more of cocaine in guilty in the United States District Court for the Southern District of Florida.  On March 5, 2009, he was sentenced to 262 months imprisonment for each count, to run concurrently.

On or about February 26, 2010, petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  An evidentiary hearing was held, after which the motion was denied by the district court.  Petitioner then filed motions for certificates of appeal as well as a motion for reconsideration, all of which were denied.  Doc. 1, att. 2, pp. 18–19.

-1-

Petitioner filed the instant application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on November 15, 2012.  He again attacks his conviction.  Specifically, he claims that he was denied effective assistance of counsel at all stages of his criminal proceeding which caused him to waive all of his rights to challenge the many constitutional violations committed against him.  Doc. 1, att. 2, pp. 49–50.  Petitioner requests that this court overturn his conviction and vacate his sentence.  Doc. 8, p. 6.

### Law and Analysis

Petitioner styles this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.   The petition attacks the legality of his incarceration arguing sentencing error and ineffective assistance of counsel.  Since petitioner contests errors occurring at sentencing and not the manner in which the sentence is being executed, his claim is more appropriately raised in a motion to vacate pursuant to 28 U.S.C. § 2255.  *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).

Petitioner may challenge the legality of his conviction by way of 28 U.S.C. § 2241 only to the extent that he satisfies the "savings clause" of 28 U.S.C. § 2255.  *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001).  This "savings clause" provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

Petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).  He must establish: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense, and (2) the claim is based was foreclosed by circuit law

-2-

at the time when the claim should have been raised at trial, appeal, or first section 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Petitioner has failed to show that the remedies afforded by 28 U.S.C. § 2255 are ineffective or inadequate.  He has not identified a retroactively-applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense, nor has he shown that his present claims were foreclosed by circuit law at any time.  Therefore, the court lacks jurisdiction to consider the application.

**Recommendation**

Accordingly, **IT IS RECOMMENDED** that the instant application be **DENIED AND DISMISSED.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.  Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 20th day of May, 2013.

_____

KATHLEEN KAY

UNITED STATES MAGISTRATE JUDGE